UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OMARR J. JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF VANCOUVER POLICE DEPARTMENT,<br><br>             Defendant. | CASE NO. C23-5110 BHS<br><br>ORDER |

THIS MATTER is before the Court on Defendant City of Vancouver's motion for summary judgment, Dkt. 12, and on pro se plaintiff Omarr Johnson's responsive motion to appoint counsel, Dkt. 24. Johnson filed a complaint against Vancouver in Clark County Superior Court on November 9, 2022, apparently alleging that unnamed, non-party Vancouver police officers unconstitutionally arrested him on November 17, 2019, and that other Vancouver employees engaged in unconstitutional "searches" related to that arrest and prosecution in January 2020. Johnson seeks $25,000,000 from Vancouver. Dkt. 1-2 at 3. Johnson's claims for constitutional violations are necessarily asserted under 42 U.S.C. § 1983, and Vancouver removed the case here on that basis in February 2023.

ORDER - 1

Dkt. 1. It alleges that it received a "packet" of documents, including the complaint and a summons at the City Hall customer service, in late January 2023 and that Johnson has not ever properly served a summons or complaint in this case. *Id*.

Vancouver argues that Johnson's claims are now time-barred as a matter of law, and should be dismissed with prejudice. It also argues that Vancouver is not a "person" under § 1983, that Johnson has not asserted or supported a *Monell* claim, and that Johnson's *respondeat superior* claim is not plausible.

Johnson has not responded to Vancouver's motion. He does seek appointment of counsel based on his indigency. Dkt. 24.

There is no constitutional right to counsel for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Johnson is not proceeding in forma pauperis in this case; he sued in state court and Vancouver removed the case here.

The Court will appoint counsel under only "'exceptional circumstances.'" *Id.* (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d

952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Johnson has not argued or demonstrated that he is likely to succeed on the merits of his case, and for the reasons articulated in Vancouver's summary judgment motion, he could not. His motion for appointment of counsel, Dkt. 24, is DENIED.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

42 U.S.C. § 1983 contains no limitations period. Courts instead "borrow" § 1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a § 1983 claim is three years. Thus, the limitations period on Johnson's a unconstitutional arrest claim expired November 9, 2022.

Under Washington law, to toll the limitations period, the plaintiff must serve his complaint within 90 days after he files it in court. If he does not, the case is deemed "not commenced" for purposes of the limitations period. RCW 4.16.170. Vancouver argues that, because Johnson did not serve a summons and complaint within 90 days of filing his otherwise-timely lawsuit, the limitations period continued to run and has now irrevocably expired.

Vancouver's removal of this case on February 10, 2023, did not operate to extend or revive the limitations period, which expired 90 days after Johnson filed his complaint and failed to serve it. That date is February 7, 2023. *See Whidbee v. Pierce County*, 857

F.3d 1019, 1023 (9th Cir. 2017) (Federal statutes and rules providing for additional time to effect service after removal "do not extend or revive a state statute of limitations that expired before removal.").

There is no claim and no evidence that Johnson ever served the City of Vancouver. The limitations period has expired and Johnson's claims are time-barred as a matter of law. The Motion for Summary Judgment, Dkt. 12, is GRANTED and Johnson's claims are DISMISSED with prejudice.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 26th day of June, 2023.

BENJAMIN H. SETTLE
United States District Judge